UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NDUWIMANA APOLLINAIRE,

                                Petitioner,                      Case # 19-CV-6285-FPG

v.

                                                                DECISION AND ORDER

WILLIAM BARR, et al.,

                                Respondents.

*Pro se* Petitioner Nduwimana Apollinaire brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention at the Buffalo Federal Detention Facility. ECF No. 1. The government opposes the petition. ECF No. 5. Having reviewed the record and the briefing, the Court finds that a hearing is unnecessary to resolve the petition. For the reasons that follow, the petition is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

The following facts are taken from the record. Petitioner is a native and citizen of Burundi. On May 26, 2017, he was admitted into the United States on a non-immigrant visa. ECF No. 5-2 at 2. Two days later, Petitioner unsuccessfully applied for asylum in Canada at the Canadian border. *Id.* at 2-3. When he was returned to the United States, Customs and Border Patrol detained Petitioner and initiated removal proceedings based on his alleged fraud—namely, falsely claiming that he was visiting the United States to attend a religious conference. ECF No. 5-3 at 23; *see also* 8 U.S.C. § 1182(a)(6)(C)(i) (stating that any alien who fraudulently misrepresents a material fact to procure a visa is inadmissible).

On December 7, 2017, an immigration judge denied Petitioner's applications for relief from removal and ordered him removed. ECF No. 5-3 at 17. Petitioner appealed the order, and on May 9, 2018, the Board of Immigration Appeals dismissed his appeal. Petitioner then appealed

1

his removal order to the Second Circuit, where it remains pending. The Second Circuit has stayed Petitioner's removal.

Petitioner has been in immigration custody since May 28, 2017. *Id.* at 20. Immigration authorities have reviewed Petitioner's custody on four occasions: August 2017, January 2018, August 2018, and October 2018. At his first review, an immigration judge determined that Petitioner could be released from custody on a $12,000 bond. *See id.* at 19. However, Petitioner claims he could not afford the bond, so he remained in detention. *See* ECF No. 6 at 3. Immigration authorities declined to release Petitioner at subsequent reviews.

On April 16, 2019, Petitioner filed the present action. He has now been detained by immigration authorities for almost 25 months.

## DISCUSSION

Petitioner argues that, as a matter of procedural due process, he is entitled to a bond hearing wherein the government bears the burden of justifying his detention by clear and convincing evidence based on risk of flight or dangerousness.[1] The Court agrees.

In several provisions, the Immigration and Nationality Act ("INA") authorizes the detention of aliens pending removal. Relevant here is 8 U.S.C. § 1226, which gives immigration officials the authority to arrest and detain an alien "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). In other words, "section 1226 governs the detention of immigrants who are not immediately deportable." *Hechavarria v. Sessions*, 891 F.3d 49, 57 (2d Cir. 2018). This includes aliens, like Petitioner, whose removal is stayed pending appeal. *See id.* While Section 1226(a) permits immigration authorities to release aliens pending the completion of removal proceedings, *Jennings v. Rodriguez*, 138 S. Ct. 830, 837 (2018),

---

[1] Petitioner also raises other grounds, but the Court need not address them in light of its disposition of this claim. *See* ECF No. 1 at 16-18.

2

immigration authorities require the alien, not the government, to prove that release is justified, *i.e.*, that he is not a risk of flight or danger to the community. *See Hemans v. Searls*, No. 18-CV-1154, 2019 WL 955353, at *9 (W.D.N.Y. Feb. 27, 2019); *Darko v. Sessions*, 342 F. Supp. 3d 429, 433 (S.D.N.Y. 2018).

The question is whether this scheme is constitutional as applied to Petitioner. To determine whether an alien's due process rights have been violated as a result of his continued detention under Section 1226, the Court first evaluates whether the "alien [has been] held for an unreasonably long period." *Frederick v. Feeley*, No. 19-CV-6090, 2019 WL 1959485, at *2 (W.D.N.Y. May 2, 2019) (discussing in context of detention under 8 U.S.C. § 1226(c)); *see also Hemans*, 2019 WL 955353, at *5. If the alien has been detained for an unreasonably long period, the Court proceeds to analyze whether the alien has received sufficient process to justify his continued detention. *Hemans*, 2019 WL 955353, at *5.

Applying this framework, the Court concludes that Petitioner is entitled to relief.

First, Petitioner's detention has been unreasonably prolonged. He has been detained for over two years. On its face, this is a significant factor favoring Petitioner; indeed, courts have granted relief to aliens who have been detained for far shorter periods. *See, e.g.*, *Hemans*, 2019 WL 955353, at *6 (noting that detention lasting two years and three months "weigh[ed] heavily in [the petitioner's] favor"); *see also Dutt v. Nielsen*, No. 19-CV-155, ECF No. 21 at 4 (W.D.N.Y. May 7, 2019) (collecting cases for proposition that fifteen-month detention is "beyond the point at which courts find detention unreasonably prolonged").

Furthermore, this delay appears to be attributable to the normal administrative and appeals process. Although Petitioner has filed timely appeals of his order of removal—which inevitably extended his detention—Respondents do not suggest that he has abused the processes available to him or otherwise maliciously delayed proceedings. This is significant, as the Second Circuit has

made a distinction between aliens who have "substantially prolonged [their] stay by abusing the processes provided to [them]" and those who have "simply made use of the statutorily permitted appeals process." *Hechavarria v. Sessions*, 891 F.3d 49, 56 n.6 (2d Cir. 2018). In other words, pursuit of relief from removal "does not, in itself, undermine a claim that detention is unreasonably prolonged." *Brissett v. Decker*, 324 F. Supp. 3d 444, 453 (S.D.N.Y. 2018); *see also Hemans*, 2019 WL 955353, at *6. Thus, contrary to Respondents' suggestion, the mere fact that Petitioner pursued "a stay of his removal" and sought "appeals of adverse agency decisions" does not bar him from relief. ECF No. 5-1 at 7. Accordingly, Petitioner has passed the first step.

Second, the process that Petitioner has been afforded is constitutionally inadequate. While immigration authorities place the burden on the alien to prove that he should be released, due process requires more. Specifically, the "consensus view" is that due process requires the government, not the alien, to prove continued detention is justified by clear and convincing evidence. *Darko*, 342 F. Supp. 3d at 435 (collecting cases); *see also Martinez v. Decker*, No. 18-CV-6527, 2018 WL 5023946, at *5 (S.D.N.Y. Oct. 17, 2018). Therefore, because Petitioner's detention has been unreasonably prolonged, and because he has not yet been afforded a constitutionally adequate bond hearing, his continued detention violates his due process rights. He is entitled to relief in the form of a bond hearing with proper procedural safeguards.

However, purely as a procedural matter, the Court agrees with Respondents that the only proper respondent is Jeffrey Searls, the Assistant Field Office Director of the ICE Buffalo Field Office. *See* ECF No. 5-1 at 1 n.2. As the "person with direct control" over Petitioner's detention, *id.*, he is the proper respondent given Petitioner's requested relief. *See Hassoun v. Sessions*, No. 18-CV-586, 2019 WL 78984, at *7 (W.D.N.Y. Jan. 2, 2019) ("The majority view in the Second Circuit requires the immediate custodian, generally the prison warden, to be named as a respondent

4

in core immigration habeas proceedings—*i.e.*, those challenging present physical confinement." (quotation omitted)).

## CONCLUSION

For the foregoing reasons, Petitioner is entitled to habeas relief under 28 U.S.C. § 2241 and the petition (ECF No. 1) is GRANTED IN PART and DENIED IN PART. The petition is granted against Respondent Searls and is denied with respect to the remaining respondents.

By July 8, 2019, Respondent Searls shall hold a bond hearing for Petitioner before an immigration judge, at which the government bears the burden of proving by clear and convincing evidence that Petitioner's continued detention is justified based on risk of flight or danger to the community. If a bond hearing is not held by July 8, 2019, Respondent Searls shall release Petitioner immediately with appropriate conditions of supervision. By July 10, 2019, Respondent Searls shall file a notice with this Court certifying either (1) that a bond hearing was held by the applicable deadline, and the outcome thereof, or (2) that no bond hearing was held and that Petitioner was released with appropriate conditions of supervision. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: June 25, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court